LEWIS HOWELL *et al.*

*v.*

THE CITY OF PEORIA.

1. MUNICIPAL TAXATION—*to pay debt created in violation of the constitution.* Where the indebtedness of a city exceeds the constitutional limitation of five per centum of the valuation of taxable property, the city will be enjoined from the levy and collection of a tax for the purpose of paying an additional indebtedness incurred, before such levy, in violation of the constitution.

2. CHANCERY—*dismissal for want of proper parties.* A bill to enjoin the levy and collection of a tax to pay a debt incurred by a city, in excess of its authority, should not be dismissed because the creditor of the city is not a party to the suit. The bill should be retained, in order that the proper parties may be made to it.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.

The bill in chancery in this case, filed on the 7th day of April, 1877, by citizens and tax-payers of the city of Peoria, sets forth that at a meeting of the city council of the city of

Peoria, on March 30, 1877, the annual appropriation bill or ordinance was passed, in which was incorporated an item providing for the appropriation of the sum of $11,000 for a certain water works pump, known as a "New Dean Pump;" that on the 4th day of April, 1877, a committee appointed by the city council executed on behalf of the city a contract with Dean Brothers for the building, and setting up in the city, of such water works pump, at the price, to be paid by the city, of $2750 on the completion of the work; and its three promissory notes for the sum of $2750 each, payable, respectively, on the first days of February, March, and April, 1878, with eight per cent interest ; that by the 12th section of article 9 of the present constitution of the State, it is provided that no city shall be allowed to become indebted in any manner, or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five per centum on the value of the taxable property therein, to be ascertained by the last assessment for State and county taxes previous to the incurring of such indebtedness, etc. ; that the present indebtedness of the city amounts to more than five per centum on the value of the taxable property therein as shown by the last assessment thereof for State and county taxes, and that to add to such amount of existing indebtedness the proposed additional sum of $11,000 is in palpable violation of the above provision of the constitution ; that by the last assessment of such property for State and county taxes the entire value thereof was less than $7,000,000, while the existing indebtedness of the city, that is to say, its bonded indebtedness, at the time of the proceedings aforesaid, was over $700,000, besides a large amount of floating indebtedness, exceeding at least $65,000, — such entire indebtedness being more than double five per centum of the value of such taxable property ; that there were not, at the time of such proceedings, or of the filing of the bill, any moneys or funds in the treasury of the city wherewith to pay such additional proposed indebtedness ; that there were no funds at that time, or when the bill was filed, in or to the

credit of the water works fund of the city, with which to pay such indebtedness or any part of it; that there were no taxes levied out of which to pay said indebtedness, and that there was no necessity for such an appropriation for such purpose, as the present system of water works, then in operation in the city, was sufficient for the city and its inhabitants; that the officers of the city would proceed and have constructed such pump, and provide for payment of such indebtedness by the taxation of the complainants and other tax-payers of the city, unless prevented by injunction. The bill prays for a decree declaring the contract of no effect and not binding upon the city, and that the same may be annulled and declared void, and for an injunction against the city restraining further proceedings under the contract and from taking any measures to levy, assess or collect any tax to pay any money thereupon or upon the notes given.

A temporary injunction was granted by the master in chancery, which the court below afterward on motion dissolved, for the cause that the complainants were not entitled to an injunction by reason of any thing in the bill alleged, and the complainants stipulating that they claimed no other relief than the injunction, the court dismissed the bill, and the defendants appealed.

Messrs. CRATTY BROS. & ULRICH, and Mr. D. McCULLOCH, for the appellants.

Messrs. HOPKINS & MORROW, and Mr. L. HARMON, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The bill in this case, showing that the city of Peoria, at the time of the passage of the appropriation bill or ordinance in question, was already indebted to an amount largely in excess of the constitutional limit, the cases of *City of Springfield* v. *Edwards,* 84 Ill. 626, and *Law* v. *The People,* 87 id. 395, must

be regarded as governing the present decision, and as authority for the injunction asked for, at least to the extent of restraining the levy or application of any tax for the payment of this additional indebtedness.

It is suggested, on the part of appellee, that there is no occasion or intention to levy or appropriate any tax for that purpose; that, by the charter of the city, all funds arising from or on account of the water works are to be kept separate from all other moneys, as "The Water Fund," and all moneys belonging to the water fund are to be applied only to purposes connected with the water works; and it is asserted that the income from the water works will be amply sufficient for the liquidation of this indebtedness without resort to taxation; wherefore it is claimed the city should be left free to incur this additional indebtedness, to be paid only out of the income from the water works. Without expressing any opinion upon the propriety of this claim, it is sufficient to remark, that the state of facts upon which it is asserted does not appear from the bill, and the motion to dissolve the injunction was made and sustained, as well as the dismissal of the bill, on the ground of the want of equity apparent on the face of the bill, without any extrinsic evidence. The bill distinctly negatives that there were any funds in the treasury of the city, or to the credit of the water works fund, out of which such indebtedness might be paid, and avers that the city authorities will proceed to provide for the payment of the indebtedness by taxation, unless enjoined.

It is said, the veto message of the mayor, incorporated in the bill, shows the state of facts alleged. We do not consider that it does. It but states, in this regard, that in the year 1876 the receipts on account of the water works fund exceeded the expenditures in the sum of $6,753.21. Besides, we do not regard the bill as adopting the statements of fact in the message. It was not, as we understand, made a part of the bill for any such purpose, but to show the fact of the mayor's veto of the ordinance—there being a further claim by the bill that

there had been a veto of the ordinance by the mayor, and that the ordinance had not been properly passed over the veto.

In order to avail of this supposed defense, if it be any, in whole or in part to the bill, it should be set up in the answer and made the subject of proof.

It is said that Dean Brothers were necessary parties to the bill, and that the bill was properly dismissed because they were not made parties. The bill should not have been dismissed for this reason, but retained in order that the proper parties might be made. *Knapp* v. *Marshall*, 26 Ill. 63; *Thomas* v. *Adams*, 30 id. 37.

The decree will be reversed and the cause remanded.

*Decree reversed.*