EDWIN C. HEWITT

*v.*

THE BOARD OF EDUCATION OF NORMAL SCHOOL DISTRICT.

1. PRACTICE—*affirmance by Appellate Court is a finding of facts as in court below.* Where there is evidence on the trial of a cause tending to prove the issues of fact in favor of the successful party, and the Appellate Court affirms the judgment below, this court must take the affirmance as a finding of the facts as they were found by the circuit court.

2. MUNICIPAL BONDS—*of their validity — innocent purchasers.* Municipal corporations, unless authorized by their charters, have no power to make and place in the market commercial paper, and all persons dealing in municipal bonds issued by the officers of a school district must see that the power to issue them exists. There is no presumption that such paper has been issued within the scope of their power, as is the case with corporations created for business purposes.

3. Municipal bonds issued without power are void in whosesoever hands they may be found. So, a bond issued by the board of education of a school

district, not for the purpose of raising money to purchase a school site, or for erecting a school building, they having no power under the statute to issue such paper for any other purpose, is void even in the hands of a person taking without notice, as no one can be an innocent purchaser of such void paper.

4. SAME—*trustees of fund can not purchase bonds issued by themselves.* Members of a board of education for a school district are virtually trustees of the school funds, and as such they are incapable of dealing with the fund as purchasers or donees, and bonds issued by them to raise money for the district and negotiated to members of the board are void, even though sold without any discount.

APPEAL from the Appellate Court for the Third District.

Messrs. WILLIAMS, BURR & CAPEN, and Mr. JOHN E. POLLOCK, for the appellant:

1.  If the board had the power to issue bonds for *any* purpose, it is presumed that bonds issued by it were issued for a lawful purpose until the contrary is made to appear.

2.  This bond was valid as against the defendant in the hands of the original payee.

The indebtedness for which it was issued was created long before Gregory, the payee, was a member of the board, and was given to him in settlement of transactions completed before he became a member. Gregory's share in the transaction was simply to pay off the old indebtedness and take a new bond in place of bond No. 37. *School Directors* v. *Parks,* 85 Ill. 338. A director of a private corporation may deal with the corporation the same as a stranger, provided he acts fairly. *Harts* v. *Brown et al.* 77 Ill. 226.

3.  Appellant was an innocent purchaser of the bond and coupons for value before maturity. He bought it from the bank, and it is immaterial whether the bank indorsed it or not. The plaintiff took whatever title the bank had. *Fairclough* v. *Pavia,* 9 Exch. 689.

A purchaser of negotiable paper, who has notice of a defence from a party who is an innocent holder, takes the title of the latter, even when the purchaser has full knowledge, and is entitled to the same protection as his vendor. *Haskall*

34—94 ILL.

& *Gerry* v. *Whitmore*, 19 Me. 102; *Prentiss, etc.* v. *Zane*, 2 Gratt. 262; *Boyd* v. *McCann*, 10 Md. 118; *Howell* v. *Crane*, 12 La. An. 126; *Watson* v. *Flannagan*, 14 Tex. 354; *Chalmers et al.* v. *Lanion*, 1 Camp. Eng. 383; Story on Prom. Notes, 226, sec. 191; 2 Kent's Com. 92, side page. 1 Pars. on Bills, 261.

Messrs. WELDON & McNULTA, Mr. C. G. BRADSHAW and Mr. WM. DUFF HAYNIE, for the appellee:

1.   The bond was issued for purposes not contemplated by law, and, therefore, without authority of law, and is void.

2.   It was void in the hands of the plaintiff, because it was issued by the board to a member of the board, and purchased by the plaintiff with full knowledge of such fact.

3.   The bond issued by the board (of which Gregory was a member) to Gregory as an individual, is void, and being void there can be no innocent purchasers.   A trustee can not deal with himself.   *Sherlock et al.* v. *Village of Winnetka*, 68 Ill. 531; same case, 59 id. 389; *School Directors* v. *Fogleman*, 76 id. 189.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by Hewitt, in the circuit court of McLean county, against the "Board of Education of Normal School District," on a bond for $500, and two coupons of $25 each.   The bond was dated the 1st of September, 1873, payable five years after its date, with ten per cent interest, and it was payable to John Gregory or order.   It was indorsed by him in blank, and he negotiated it to the Home Bank, of which appellant purchased, taking no further indorsement.

On the trial in the circuit court the blank indorsement was filled up to appellant.   The general issue, with a stipulation that defendant might introduce any proof establishing a defence, and plaintiff any evidence showing a liability, was

filed. A trial was had by the court, by consent, without a jury, and the issues were found for defendant, and a judgment was rendered in bar of the action.

Plaintiff thereupon prayed and perfected an appeal to the Appellate Court for the third district, where, on a hearing, the judgment of the circuit court was affirmed, and the plaintiff thereupon prayed, and the court granted an appeal to this court. A majority of the judges, on granting the appeal, have certified the case to this court. This, then, brings the case properly before us for consideration.

We see, by turning to the record, that the evidence relied on in defence was that the board of education had no power to issue this bond, and even if it had, the bond was issued to Gregory, who was at the time a member of the board, and that being issued to him it was utterly void in the hands of any and all persons.

On the other hand, these legal propositions are controverted, and it is insisted that, conceding them to be correct, the bond is in the hands of an assignee, and as the board had power to issue bonds to purchase sites and to erect school houses thereon, that he was not bound to inquire or to know the bond was issued without authority, and should be protected.

The evidence tended to show that the bond was not issued to pay for a school house site, or to erect a building thereon. It also tended to prove that Gregory was, at the time the bond was issued to him, a member of the board, and that appellant was aware of the fact when he purchased the bond. As these were controverted facts, and were found by the circuit court against appellant, and as the Appellate Court has affirmed the judgment of the circuit court, we must take the affirmance as a finding of the facts as they were found by the circuit court, and we are precluded from reviewing these controverted facts, but are bound by the finding of the Appellate Court.

The fact, then, that the bond was not issued for an authorized purpose, undeniably rendered it void. Municipal cor-

porations are not usually endowed with power to enter into traffic or general business, and are only created as auxiliaries to the government in carrying into effect some special governmental policy, or to aid in preserving the order and in promoting the well-being of the locality over which their authority extends. Where a corporation is created for business purposes, all persons may presume such bodies, when issuing their paper, are acting within the scope of their power. Not so with municipalities. Being created for governmental purposes, the borrowing of money, the purchase of property on time, and the giving of commercial paper, are not inherent, or even powers usually conferred; and unless endowed with such power in their charters, they have no authority to make and place on the market such paper, and persons dealing in it must see that the power exists. This has long been the rule of this court. *Board of Supervisors* v. *Farwell,* 25 Ill. 181; *Clark* v. *Hancock County,* 27 id. 305; *Marshall County* v. *Cook,* 38 id. 44; *Wiley* v. *Silliman,* 62 id. 170; *Harding* v. *Rockford, Rock Island and St. Louis Railroad Co.* 65 id. 90; *McWhorter* v. *The People,* id. 290; *Town of Big Grove* v. *Wells,* id. 263. We might refer to other cases where it has been held that bonds issued without authority are void, even in the hands of purchasers before maturity and without actual notice.

A person taking bonds of a municipal corporation has access to the records of the body, and it is his duty to see that such instruments are issued in pursuance of authority, and when without power, they must be held void in whosesoever hands they are found. If, therefore, this bond was not issued to purchase a school house site, or for erecting a school building, as the Appellate Court seem to have found, the bond is void, as it was issued without power, and this, too, in the hands of a person taking without actual notice.

Again, this bond was issued without authority, and was void, and no person can be an innocent purchaser, as was held in the case of *School Directors* v. *Fogleman,* 76 Ill. 189.

That case and this are very similar in their facts and material circumstances, and that case governs this.

Again, the instrument was made payable to one of the members of the board having charge and management of the funds of this school district. They were virtually trustees of the fund, and as such, were incapable of dealing with the fund as purchasers or donees.

In the case of *Sherlock* v. *Winnetka*, 59 Ill. 390, it was held that where bonds were issued by a board of education, and a portion of them sold to members of the board, such portion were void, and that a tax could not be legally levied to pay interest thereon; that no interest could be due on such bonds in the hands of such holders. When the case was again before the court, (68 Ill. 530,) it was held that the member of the board had no power to purchase them from himself or the board of which he was a member, and the tax levied to meet the interest on them was enjoined. It is true that it was there said that he purchased at a discount, and if permitted to purchase, he could have done so at a greater discount. That was said to illustrate the abuse that could be perpetrated if such sales were permitted, and not as limiting the illegality to sales that were shown to be injurious to the corporate body. When the case was first before us, we adopted the language of Perry on Trusts as announcing the true rule, where he says: "If, therefore, a board of directors should convey all the property of a corporation to themselves, the conveyance would be void, without any inquiry into its fairness, or whether it was beneficial to the corporation or not; and the same rule applies if a board of directors convey the property of a corporation, or any part of it, to one of their members, he being one of the members negotiating the contract with himself." Perry on Trusts, sec. 207. This is no doubt the true doctrine as applied to persons holding a fiduciary relation to property; and the rule is illustrated in cases where trustees, administrators, executors, sheriffs, masters in chancery and other persons

become, either directly or indirectly, purchasers from themselves at their own sales.

But it is urged that appellant is an innocent purchaser, and should be protected, although the bond might have been void in the hands of Gregory. One of the issues tried in the circuit court was, whether appellant knew that Gregory was a member of the board at the time he received the bond, and the issue was found against him. The evidence tended to show that he had notice, and that was one of the controverted facts, and by affirming the judgment of the circuit court, the Appellate Court found this fact against appellant, and that finding is conclusive on us. If, then, he took the bond knowing that the payee was a member of the board, he is charged with a knowledge that it was void, and he can not recover. Knowing that the payee was a member of the board, he is charged with taking it with a knowledge that it was void, and subject to all defences on that ground. This disposes of the case, and renders the discussion of other questions unnecessary.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*