## TOWN OF HARWOOD

### v.

## JOHN M. HAMILTON ET AL.

1. POWER OF OFFICERS OF PUBLIC CORPORATION TO CREATE DEBT—NOTICE.—In the absence of statutory authority, there is an absolute want of power in the officers of public corporations to create a debt, or liability, payable out of any other funds than those actually or potentially in the treasury. All transactions with such corporations must, therefore, be substantially upon a cash basis, and parties dealing with them must take notice of that fact. When the cash in their treasury is exhausted the commissioners have still power to issue their orders for work done, or materials furnished, but such orders can only be paid out of the revenues of that year when collected.

2. MATERIALS FURNISHED COMMISSIONERS FOR BRIDGES—LACK OF FUNDS—NON-LIABILITY OF THE TOWN.—A suit was brought by appellees against appellant, a town, to recover the price of certain materials alleged to have been sold by appellees to the Board of Highway Commissioners, to be used by them in the repair of roads and bridges in said town. The evidence very clearly showed that the claim sued for was very largely, if not wholly in excess of all moneys in the hands of the treasurer of said board, and of all taxes levied or other revenues for the year in which the alleged sales were made. *Held*, that the town is not liable; for the commissioners having been provided by law with the power to supply themselves by taxation with all the funds necessary to the discharge of their duty in keeping the highways and bridges of their town in proper repair and in opening and building new ones, appellees must look to that source alone for the payment of their claim.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed June 27, 1883.

Mr. J. L. RAY, for appellant; that the town can not be sued

on contracts made by the commissioners of highways, as said commissioners are a *quasi* corporation and liable for their own contracts, cited Com'rs v. Baumgarten, 41 Ill. 254; Scheaff v. The People, 87 Ill. 189; Com'rs v. Newell, 80 Ill. 587; Com'rs v. Wrought Iron Bridge Co. 3 Bradwell, 570.

Persons dealing with public officers are bound to take notice of the extent of their authority: Tamm v. Lavalle, 92 Ill. 263.

The person to whom the credit is knowingly and exclusively given is the person who incurs liability, whether he be the principal or agent: Story on Agency, §§ 288, 289.

The commissioners can not create a debt against the town: Brauns v. Peoria, 82 Ill. 11.

Mr. Thomas J. Smith, for appellees.

McCulloch, P. J.   This was a suit brought by Hamilton Bros. against the Town of Harwood, to recover the price of certain lumber and other materials alleged to have been sold by them to the Board of Highway Commissioners, to be used by them in the repair of roads and bridges in said town.

The evidence very clearly shows that the claim sued for was very largely if not wholly in excess of all moneys in the hands of the treasurer of said board, and of all taxes levied or other revenues for the year in which the alleged sales were made.

The cause was tried by the court without the intervention of a jury.   Appellant submitted to the court this proposition of law: "That the burden of proof is on the plaintiffs to show that the parties they sold to had authority to bind the town, and also that such officers had then and there either the money on hand or taxes levied sufficient to pay for the goods purchased," which the court refused.   This furnishes us with one of the grounds upon which the case was decided.

There is no proposition of law more firmly settled, than that all public corporations are limited to the exercise of those powers which are expressly granted, or which are necessarily or fairly implied in or incident to the powers expressly

granted, or which are essential to the declared objects and purposes of such corporations: Cook County v. McCrea, 93 Ill. 236; The People, etc., v. Village of Crotty, Id. 180; Petersburg v. Metzker, 21 Ill. 205; Schott v. The People, 89 Ill. 195.

Accordingly it is held in Brauns v. The Town of Peoria, 82 Ill. 11, that the commissioners of highways can not bind their towns by any contract, or exercise any other powers not conferred upon them by the statute, and that the revenues provided by statute are the only means at the hands of the commissioners to keep the roads and bridges in repair. In this respect they stand upon the same footing as do that class of municipal corporations which, having once had the power to contract debts, have reached the limits wherein they may do so, and beyond which there is a constitutional inhibition. They may purchase the necessary materials and issue their orders payable out of the revenues on hand or already levied, but they can not anticipate future revenues by making contracts payable out of the proceeds of taxes not yet levied: Springfield v. Edwards, 84 Ill. 626; Law v. The People, 87 Ill. 385; Howell v. City of Peoria, 90 Ill. 104. According to these decisions there is, in the absence of statutory authority, an absolute want of power in the officers of any of these public corporations to create a debt or liability, payable out of any other funds than those actually or potentially in the treasury. All transactions with such corporations must therefore be substantially upon a cash basis, and parties dealing with them must take notice of that fact. When the cash in their treasury is exhausted the commissioners have still power to issue their orders for work done or materials furnished, but such orders can only be paid out of the revenues of that year when collected. Such orders are evidence only of audited accounts, and possess none of the elements of negotiable paper. The People v. Johnson, 100 Ill. 537. In some instances, such as in the case of county orders, they are by statute made assignable, so as to enable the assignee to bring suit thereon in his own name for so much of the money in the hands of the treasurer as his order calls for; but such

Town of Harwood v. Hamilton.

order creates no new liability on the part of the corporation. Springfield v. Edwards, *supra;* Law v. The People, *supra.* Such an order is simply a voucher which entitles the payee or his assignee to draw so much money as it represents out of the revenues of a certain year, and every one transacting business with the corporation or taking any of its orders must take notice of the ability of the corporation to meet its engagements: School Directors v. Fogleman, 76 Ill. 189; Hewitt v. Board of Education, 94 Ill. 528; The People v. Johnson, *supra.*

We have said this much concerning the nature of these orders, because the claim of appellees rests partly upon certain orders drawn by the commissioners of highways upon their treasurer, and partly upon book accounts. What we say in this regard does not apply to cases in which the corporations have power given them either directly or by implication to create debts and to issue orders, bonds or notes, as evidence thereof.

In the view we take of the case the town is not liable, for the commissioners having been provided by law with the power to supply themselves by taxation with all the funds necessary to the discharge of their duty in keeping the highways and bridges of their town in proper repair, and in opening and building new ones, appellees must look to that source alone for the payment of their claim. The statute has given them no power to create a debt or liability for which it has not also given them authority to provide the means of payment. We are wholly unable to see any such power to be necessarily or fairly inferable from the powers granted or incident thereto, or that it is essential to the declared objects or purposes of the board. For these reasons the judgment of the circuit court will be reversed.

Reversed.