| | |
|---|---|
| 76 | 189 |
| 47a | 257 |
| 76 | 189 |
| 56a | 125 |
| 76 | 189 |
| 174 | 417 |
| 76 | 189 |
| 175 | 533 |
| 76 | 189 |
| 108a | 312 |

SCHOOL DIRECTORS OF DISTRICT No. 3, T. 9 N. R. 8.

*v.*

ANDERSON FOGLEMAN, for use, etc.

1. BUILDING SCHOOL HOUSE—*vote necessary before.*  Under section 48 of the school law of 1865, it is unlawful for the school directors to build a school house without a vote of the people of the district on the question, and if they do so, their act will be null and void, and their orders drawn on the township treasurer in payment for building the same will be void even in the hands of an assignee, and the successors of such directors may question the same.

2. SCHOOL DIRECTORS—*powers limited.*  School directors can exercise no other powers than those expressly granted, or such as may be necessary to carry into effect a granted power.

3 SCHOOL HOUSE—*whether the building of, legalized by subsequent acts.*  Where school directors had built a school house for their district, without any vote of the people, it was *held,* that the levying of a tax to defray the expenses, and the acceptance of the building and teaching school therein, could not legalize the act, or bind the tax-payers.  The tax-payer was not bound to pay such tax.

4. RATIFICATION OF UNAUTHORIZED ACT.  Where public officers do an act in the absence of any power, it is void, and can not be subsequently ratified or made valid for any purpose.

5. ASSIGNEE—*when he takes subject to defense.*  Where public officers, such as school directors, issue negotiable paper of the corporation without authority of law, a purchaser of such paper can not be an innocent holder, as he is bound to look to the authority to issue the same.

APPEAL from the Circuit Court of Cumberland county; the Hon. J. C. ALLEN, Judge, presiding.

This was an action of assumpsit, brought by Anderson Fogleman, for the use of Reuben Bloomfield, against the school directors of district No. 3, in township 9 N., range 8, in Cumberland county, Illinois, upon three orders drawn by previous directors on the township treasurer. The defendants pleaded, first, the general issue; secondly, that no vote of the people of the district was ever had, or attempted to be had, authorizing the building of the school house, in part payment for the building of which said orders were issued, and thirdly, failure of consideration. The orders on their face showed that they were given in part payment for building a school house in the district. A trial was had before the court without a jury, who found for the plaintiff and rendered judgment for the amount due on the orders, and from this judgment the defendants appeal.

Mr. J. W. WILKIN, for the appellants.

Mr. H. B. DECIUS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Cumberland circuit court, counting upon three orders drawn by a majority of the school directors of district No. 3, in township 9 north, range 8, in that county, in favor of A. Fogleman or order, on the treasurer of that town, one for seventy-five dollars, and two for fifty dollars each, all bearing interest at ten per cent, each of them purporting to be in part pay for building a school house in that district, and drawn payable out of any money belonging to the district specified.

The general issue was pleaded, and also a special plea averring that no vote of the people of the district was had authorizing the building of the school house, and a plea of failure of consideration.

A jury was waived, and the cause tried by the court, who found for the plaintiff and assessed the damages at two

hundred thirty dollars forty cents, and rendered judgment for the same.    The school directors appeal.

Appellants are the successors of the drawers of these orders, and have a clear right to question their legality, and the authority of their predecessors to draw them.

It is conceded no vote of the people of the district was had authorizing the building of this school house.    The orders purport, on their face, to be for such purpose, and it was no difficult matter for any person about negotiating them to ascertain if a vote had been taken.    The returns of such an election are, by law, made to the town treasurer, the officer on whom they are drawn, and if inquiry had been made of him as to this fact, he would have informed the inquirer, as he testified, that no vote had been taken.

Section 48 of the act of 1865, which was in force when this contract was made, is most explicit.    It declares it shall not be lawful for a board of directors to purchase or locate a school house site, or to purchase, build or remove a school house, etc., without a vote of the people, at an election to be called, etc.    If this is the lawful course to be pursued, any other course to accomplish the object was necessarily unlawful, and the act null and void.    These bodies can exercise no other powers than expressly granted, or such as may be necessary to carry into effect a granted power.    *Glidden et al.* v. *Hopkins*, 47 Ill. 529.    And it is fortunate for the people this power is so restricted.    If, in the face of this law, a board of directors can lawfully contract for building a school house, to cost six hundred dollars, the contract price of the one in question, what is to prevent them to contract for a structure to cost sixty thousand dollars, or any other sum, and draw their orders on the treasurer at ten per cent in payment?    We know of no limit to their power.

It is said by appellee a tax was levied to defray the expense, but that is not so, and if it was the fact, the action of the directors would not thereby be legalized.   No tax-payer would be bound to pay a tax levied for such purpose.

It is also urged by appellee that the school house was accepted by the directors who incurred the debt, and that school was kept in it. That does not legalize the act, or bind the tax-payers. The question here presented is a question of power, and no act of the kind set up can make it valid for any purpose. Nor can the beneficiary in this case resort to such acts in support of his claim. In the absence of power to do the act, there can be no innocent holder of this paper. He should have looked to the authority to make the contract in satisfaction of which the orders are drawn.

There is no ground on which a recovery can be had against this board of directors, the appellants. As to the personal liability of those who drew these orders, and made this contract with appellee, we express no opinion.

For the reasons given, the judgment is reversed.

*Judgment reversed.*

Mr. Justice Scholfield took no part in the decision of this case.