## GEORGE L. THATCHER

### *v.*

### THE PEOPLE *ex rel.* McCrea, County Collector.

1. SCHOOL TAXES—*limitation as to amount.* There was levied in a certain school district, as a special tax for school purposes, for the year 1878, the sum of $3000 for educational purposes, and a further sum for building purposes. The equalized valuation of all the property in the district, as ascertained by the then last assessment for State and county purposes, was $106,408. The statute then in force limited the levy for educational purposes to two per cent upon such assessed valuation, and the levy being in excess of the rate prescribed by this limitation, a judgment against lands for alleged delinquent taxes in respect of such levy was adjudged erroneous to the extent of the *pro rata* part of such excess.

2. SAME—*for building purposes—of the election to authorize it.* It is essential to the existence of the power to levy taxes for the purpose of building a school house, that there shall have been a vote of the people upon the question, had

at an election appointed for that purpose as provided in sections 42 and 47, ch. 122, Rev. Stat. 1874, 962. So, where an election was held purporting to authorize the issuing of bonds for the purpose of building a school house, but the notice of such election omitted to state or give any information that such question was to be voted on, it was *held*, that a levy of taxes based upon such pretended election was without authority, and void, and therefore a judgment against lands for the non-payment of taxes so levied was erroneous.

3.  JUDGMENT—*for delinquent taxes—when erroneous only as to part—whether reversed as to the whole.* Upon an appeal from a judgment against lands for delinquent taxes, it appeared the tax had been levied for school purposes— $3000 for educational purposes, and $2000 in addition for building purposes. Of the $3000, the sum of $872 was illegally levied, and the entire levy for the $2000 was void, so that the judgment as to the *pro rata* part of the amount thus illegally assessed was erroneous, leaving only $2128 of the entire levy free from objection. In view of the small amount of tax to be collected, and the difficulty of making a proper distribution of it as against the lands liable to its payment, by judgment in this court, the judgment of the court below was reversed *in toto*, and the cause remanded.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Mr. GEORGE L. THATCHER, for the appellant:

1. The school directors are a *quasi* corporation, and can exercise only the power and authority expressly given them in chapter 122 Rev. Stat., or to be necessarily implied therefrom. Dillon on Corporations, section 10, note; *Stevenson* v. *School Directors*, 87 Ill. 257; *Adams et al.* v. *The State of Illinois, use, etc.* 82 id. 133; *School Trustees* v. *Fogleman*, 76 id. 189; *Glidden* v. *Hopkins*, 47 id. 529; *Harris* v. *School District*, 8 Foster, N. H. 58; *Nelson* v. *School District*, 32 N. H. 118.

2. School directors have no authority to levy a tax for educational purposes, in excess of two per cent, to be ascertained by the last assessment for State and county taxes. Rev. Stat. chapter 122, section 43; *Mix* v. *The People*, 72 Ill. 245; Dillon on Corporations, section 610; Cooley on Taxation, p. 257.

3. The notice of the meeting or election held October 13, 1877, was not sufficient to authorize a legal vote upon the

16—93 ILL.

question of issuing bonds by such school district, and all such votes taken at such meeting were void. Sections 42 and 47 chapter 122, Rev. Stat. 1874; Dillon on Municipal Corp. section 206; *Sherwin* v. *Bugbee,* 16 Vt. 439; *School District* v. *Atherton,* 12 Metc. 105; *School Directors* v. *Fogleman, use, etc.* 76 Ill. 189.

4. The action of the school directors in issuing bonds based upon the authority of such vote is void for want of power, and the bonds are void. *Bissell* v. *City of Kankakee,* 64 Ill. 249; *Livingston Co.* v. *Weider,* id. 427; *Town of Big Grove* v. *Wells,* 65 id. 263; *Ryan* v. *Lynch,* 68 id. 160; *The People ex rel., etc.* v. *The Supervisors of The Town of Santa Anna,* 67 id. 57; *The People ex rel.* v. *Town of Laenna,* id. 65.

5. The directors have no power to levy a tax to pay an illegal indebtedness. *School Directors* v. *Fogleman,* 76 Ill. 189; *Clark* v. *School Directors,* 78 id. 474.

Mr. CONSIDER H. WILLETT, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an appeal from a judgment of the county court of Cook county, against the lands of appellant, for school taxes claimed to have been levied by district No. 1, township No. 39, range No. 12.

Appellant appeared in the county court and objected to the giving of judgment against his lands for school taxes, for the following causes:

"That the taxes and assessments for which judgment is asked are not due and delinquent upon said property of objector.

"That said school taxes are illegal and void, because they have been levied to pay an illegal indebtedness.

"That said school taxes are void, because they have been levied without any authority of law."

It was proved, upon the hearing, that the directors for dis-

trict No. 1, township 39, range No. 12, required $5000, of which $3000 was for educational purposes and $2000 was for building purposes, to be levied as a special tax for school purposes, on the taxable property of the district for the year 1878, which was accordingly levied, and judgment for the *pro rata* amount thereof extended against the property of appellant, was rendered, notwithstanding his objection.

Two objections to this judgment will be noticed:

1st. It was shown by the evidence that the equalized valuation of all the property in the school district, as ascertained by the last assessment for State and county purposes, made prior to such tax levy, was $106,408.

It was provided by the law then in force, "For the purpose of establishing and supporting free schools for not less than five nor more than nine months, in each year, and defraying all the expenses of the same, of every description, for the purpose of repairing and improving school houses, of procuring furniture, fuel, libraries and apparatus, and for all other necessary incidental expenses, the directors of each district shall be authorized to levy a tax annually upon all the taxable property of the district, not to exceed two per cent for educational and three per cent for building purposes, to be ascertained by the last assessment for State and county taxes."  *  *  *

Since two per cent upon $106,408 is only $2128, it follows inevitably that the levy of $3000 for educational purposes was $872 in excess of the statutory limitation, and, to the extent of the *pro rata* part of this amount for which judgment was rendered against appellant's lands, the judgment was erroneous.  *Mix* v. *The People*, 72 Ill. 241.

2d. It was also further shown by the evidence, that the only basis of the levy of $2000 for building purposes was a vote at a special election held on the 13th day of October, 1877, purporting to authorize the issuing of bonds for such purposes; that the notice of such election did not contain any statement or information that the question of issuing bonds for building a school house, or for any purpose, would be voted on at such

election; nor has the question of issuing bonds or building a school house been voted on at any other election.

By § 47, chap. 122, (Rev. Stat. 1874, p. 962,) it is provided, "For the purpose of building school houses," etc., etc., "the directors, by a vote of the people, at an election called and conducted as required in the forty-second section of this act, * * * may borrow money, issuing bonds," etc., etc.

The forty-second section requires that notice of election shall be given by the directors, the length of time, and how posted, etc., and that the notices shall specify "the question or questions to be voted on."

It was held in *School Directors* v. *Fogleman*, 76 Ill. 189, that under section 48 of the School law of 1865, (which, so far as the question before us now is concerned, was, in no essential respects, different from the Revised Statutes of 1874,) it was unlawful for school directors to build a school house without a vote of the people of the district on the question, and if they did so, their act would be null and void, and their orders drawn on the township treasurer in payment for building the same would be void, even in the hands of assignees; and also that any tax levied for the payment of the same would be void.

Practically, the pretended election here was without any notice, for the voters of the district were justified in assuming, inasmuch as there was no question in regard to building school houses or issuing bonds specified in the notices published, that no vote would be taken on such questions. It is fair to assume that many remained away and refrained from voting who would have been present and voted had they been notified an election would be had on these questions. The want of notice goes to the existence of the power (and not merely its defective execution,) to issue the bonds. Hence the levy for their payment is illegal, and the judgment to that extent is also erroneous. *Williams* v. *Town of Roberts*, 88 Ill. 11; *Bissell* v. *Kankakee*, 64 id. 249; *Livingston Co.* v. *Weider*, id. 427; *Town of Big Grove* v. *Wells*, 65 id. 263; *Ryan* v. *Lynch*, 68 id. 160;

*The People ex rel.* v. *Supervisors, etc. of The Town of Santa Anna,* 67 id. 57; *People* v. *Town of Laenna,* id. 65; *School Directors* v. *Fogleman, ̄supra*; *Clark* v. *School Directors,* 78 id. 474.

In view of the small amount of ̇tax left free of objection, and the difficulty of making a proper distribution of it as against the lands liable for its payment, by judgment in this court, we deem it advisable to reverse the judgment *in toto* and remand the cause. And we do this the more readily because there has been no argument in this court on behalf of appellee, and it is possible, on this *ex parte* consideration, material matters affecting those portions of the tax which we have condemned may have escaped our attention.

The judgment is reversed and the cause remanded.

*Judgment reversed.*