DAVID A. WATTS ET AL.

v.

JOHN W. McCLEAVE ET AL.

1. JUDGES—VACATION TIME.—Judges can exercise no judicial functions in vacation, unless they are specially authorized to do so by statute.

2. INJUNCTION—MAKING NEW PARTIES DEFENDANT IN VACATION.— A bill to enjoin the collection of a special school tax, which, it was charged, had been illegally levied by the school directors. The township collector, county treasurer and school directors were made parties defendant. In vacation, persons not parties to the bill appeared before the judge in a county other than that in which the suit was pending, and alleged that they were interested in the subject-matter, and were permitted to become defendants, and, upon their motion, the original defendants not appearing, the injunction was dissolved. *Held*, that this action by the judge in vacation was without authority.

3. SCHOOL DIRECTORS—LEVYING TAX.—Where a bill averred that the school directors had caused to be levied a certain amount as a special school tax for building purposes, without having received authority to do so by a vote of the people of the district as provided by law. *Held*, that it was error to dismiss such bill. Even if the answer of the parties improperly made defendants might be considered as a pleading, it afforded no sufficient reason for dismissing the bill.

Watts v. McCleave.

Appeal from the Circuit Court of Lawrence county; Opinion filed April 6, 1885.

This was a suit in chancery in the Circuit Court of Lawrence county, the bill being filed by the appellants to enjoin the collection of a special school tax which it was charged had been illegally levied by the school directors of the district in which the complainants were residents and taxpayers.

It was averred in the bill that the directors, in violation of the statute, had caused to be levied the sum of $691.35, as a special school tax for building purposes, without having received authority to do so by a vote of the people of the district as provided by law. That the certificate of levy was not filed with the proper officers as required by law; that the tax had been extended upon the tax book, and that said tax book, with a warrant for collection, was in the hands of Stoltz, township collector, who was about to enforce the collection of the same. The township collector, county treasurer and the school directors were made parties defendant to the bill; a temporary injunction was obtained upon the order of the Hon. C. S. Conger, one of the judges of the second judicial circuit, and was issued March 10, 1884, and duly served the following day.

On the 21st day of May, 1884, notice in writing was given to the solicitor of the complainants, by Lafayette McLean, John S. Hart, William Daniels, Noah Lindsay, and T. L. Jones & Son, that on the 31st day of May, 1884, they would apply to the Hon. T. S. Casey, one of the judges of the said circuit, for leave to be made parties defendant to said suit, and leave being granted, would then file answers and move for a dissolution of the injunction. On the 10th day of June, 1884, the complainants, by their solicitor, and the said McLean and others mentioned in said notice, appeared before Judge Casey, at chambers, in Mount Vernon, and upon the petition of said McLean and others the order was made granting them leave to become defendants to the bill, and they having filed their answer, moved to dissolve the injunction, which motion, after argument by counsel, was allowed by the judge and the injunction dissolved accordingly.

Watts v. McCleave.

The answer by these newly made defendants alleges that the levy referred to in the bill was made for the purpose of paying certain judgments, held by said defendants against the said district, giving names, dates and sums. Avers that the taxes were lawfully levied for a lawful purpose; denies that any vote was necessary to authorize the levy, but does not deny that the levy was for the specific purpose charged in the bill, and avers that the original defendants in the bill, the collector, treasurer and directors, are colluding with the complainants, and are not making their proper defense to the bill. The answer is sworn to, and appears to have been filed May 22, 1884.

At the August term, 1884, of the Circuit Court of said Lawrence county, default was entered against the original de-fendants for want of answer, and it was moved on behalf of the complainants that a decree be entered for a perpetual injunction, which motion was by the court denied, and a de-cree was entered dismissing the bill at the cost of complainants.

The case is brought here by appeal, and error is assigned upon the order entered in vacation, allowing new parties to be made and dissolving the injunction, and upon the action of the court in refusing the motion for a perpetual injunction, and in dismissing the complainants' bill.

Messrs. BELL & GREEN, and Mr. WILLIAM ROBINSON, for appellants; that judges can exercise no judicial functions in vacation, except such as they are specially authorized to do by statute, cited Devine v. People, 100 Ill. 290.

As to powers of school directors: R. S., Ch. 122, § 48; School Directors v. Fogleman, 76 Ill. 189; Thatcher v. People, 93 Ill. 240.

Mr. E. CALLAGHAN and Mr. C. H. PATTON, for appellees; that a party who has a judgment against a school district where the people refuse to vote a tax, must proceed under section 49 of chapter 122 of the statutes, and obtain a judgment and enforce it by a mandamus, cited Beverly v. Sabin,

Watts v. McCleave.

20 Ill. 357; Thomas v. Urbana School District, 71 Ill. 283; Board of Education v. Neidenberger, 78 Ill. 58.

WALL J. It is assigned for error that the circuit judge, in vacation, entertained a petition by McLean and others, who were not made parties to the bill originally, and granted them leave to become defendants to the suit.

It is urged that judges can exercise no judicial functions in vacation, unless they are specially authorized to do so by statute. This is well settled doctrine, but it is insisted by appellees that such power is conferred by Sec. 67, Ch. 37, R. S., which reads as follows: "The several judges of said courts shall have power, in vacation, to hear and determine motions to dissolve injunctions, stay or quash executions, to make all necessary orders, to carry into effect any decree previously entered, including the issuance of necessary writs therefor, to order the issuance of writs of certiorari, to permit amendments in any process, pleading or proceeding in law or equity; any order so made shall be signed by the judge making it, and filed and entered of record by the clerk of the court in which the proceeding is had, and from the date of such filing shall have like force and effect as if made at a regular term of said Court." In the case of Blair v. Reading, 99 Ill. 600, the Supreme Court had occasion to consider this provision. There a cause in chancery was heard by the judge in vacation by mutual agreement, and it was held that the judge had no power to entertain an application by complainant to dismiss the bill as to one of the defendants, nor to require complainant to answer a cross-bill then filed by said defendant, nor to pass upon the sufficiency of the answer to said cross-bill, then filed by complainant under protest, nor to enter a decree *pro confesso* against him on his failure to further answer the cross-bill in obedience to a rule placed upon him to answer *instanter*. In the case of Devine v. The People, 100 Ill. 290, a bill of exceptions had been signed by the judge and filed in the proper offices; afterward, in vacation, at the instance of one of the parties the judge entertained a motion to amend the bill, and it was held by the Supreme Court that he had no power to do so.

In both these cases the court announce the rule above stated, that judicial functions can be exercised by judges in vacation only when authorized by the statute, and seem inclined not to extend the authority by construction or presumption.

In the case before us the judge was called upon to exercise a judicial function highly important in its character.

Persons not parties to the bill appeared before him in a county other than that in which the suit was pending, and alleged that they were interested in the subject-matter, were permitted to become defendants, and upon their motion, the original defendants not appearing, the injunction was dissolved.

We are of opinion this action by the judge was without authority. Hammack v. Loan & T. Co., 105 U. S. 77.

At the August term of the circuit court then next following, a default was entered as to the original defendants, and the record recites that the complainant thereupon moved for a decree as prayed in the bill, and that on a subsequent day, the court having duly considered said motion, it was "ordered and decreed by the court that said motion be refused, and that complainant's bill be dismissed at the cost of complainant," to which exception was taken.

The record discloses no ground upon which this ruling can be sustained. The bill was good upon its face, there was no answer by the original defendants, and the answer by the new defendants, which was filed without leave, afforded no sufficient reason for dismissing the bill.

Even conceding that this answer, though improperly upon the files, might be deemed efficient as a pleading, it did not deny that the tax was levied for the purpose alleged in the bill, and the cause was not being heard upon any issue between complainants and the newly made defendants. But if, by the course of proceeding, it could be assumed that the irregularity by which the latter came into the case was waived or cured, and that the proceeding is to be treated as a hearing upon the bill and answer, both being sworn to and each being considered as evidence of the facts therein stated, still we think it was error to dismiss the bill.

The statute provides: "It shall not be lawful for a board of directors to purchase or locate a school house site, or to purchase, build, or move a school house, or to levy a tax to extend schools beyond nine months, without a vote of the people at an election called and conducted as required in the forty-second section of this act." R. S., Chap. 122, Sec. 48.

In the case of School Directors v. Fogleman, 76 Ill. 189, it was held that under this provision it was not within the power of the directors to contract for the building of a school house without such authority from the people; that any orders issued by them for such purpose were void; that there being a want of power to issue such orders, there could be no innocent holders of them, and the fact that the building may have been constructed, accepted by the directors and used for school purposes, would not legalize the act or bind the taxpayers.

The same views were expressed in Thatcher v. The People, 93 Ill. 240. It would follow, necessarily, that if judgments are obtained in a suit against the directors upon a liability thus improperly incurred, the situation will not be changed so far as the taxpayer is concerned. Not being a party to the judgment his rights can not be affected by it. The decree is reversed and the cause remanded.

Reversed and remanded.

Casey, P. J., took no part in the decision of this case.