### SCHOOL DIRECTORS
### V.
### JARRETT G. WRIGHT.

*Schools—Powers of Directors of—Secs. 42 and 48, Chap. 122, R. S.— Mandamus—Injunctions—Practice.*

1. No appeal lies from an order in vacation denying a motion to dissolve an injunction.

2. Mandamus is a remedy at law and lies to compel the performance of a legal act and the proper expenditure of public funds.

School Directors v. Wright.

3. A court of chancery by its writ of injunction affords the only com-plete and adequate remedy to prevent the doing of an illegal act.

4. A citizen is entitled to the aid of a court of equity to prevent the illegal expenditure of public funds in the erection of a school house upon a site not lawfully selected.

5. The fact that such citizen voted at an illegal election, the result of which decided no question, can not operate to deprive him of the right to institute such proceedings.

6. A board of school directors can exercise no other powers than those expressly granted, or such as may be necessary to carry into effect a granted power.

7. In view of Sections 42 and 43, Chap. 122, R. S., a school board may not locate the site of a school house, without a selection being made by a majority vote at an election duly held, unless no locality receives such vote.

[Opinion filed June 21, 1892.]

APPEAL from the Circuit Court of Bond County; the Hon. A. S. WILDERMAN, Judge, presiding.

Messrs. LANE & COOPER, for appellants.

Messrs. NORTHCOTT & FRITZ, for appellee.

GREEN, P. J. Appellee filed his bill against appellant board, and John Rodecker, a contractor, praying that they be re-strained and enjoined from erecting a school house upon any other site than the one selected by the majority of the legal voters of said district, voting at an election held on May 2, 1891. The writ as prayed for was issued and served on all the defendants, and on November 14, 1891, answers on their behalf were filed and a motion was entered by them to dis-solve the injunction. The motion was heard in vacation by Hon. A. S. Wilderman, the judge who ordered the writ to be issued upon the bill, supported by affidavits and docu-mentary evidence, and the answers of defendants, supported by affidavits. The court denied the motion and the board of directors took this appeal. While we understand that no appeal lies from an order in vacation denying a motion to dis-solve an injunction, yet as no point is made of this character by appellee, we will give our views upon the merits of the

case. The material facts set up and relied upon by complainant to establish his right to the relief prayed for, are that at the time of filing his bill he was a tax payer and legal voter in said school district; that at an election held therein April 18, 1891, to determine the question of building a new school house, it was decided by a majority of the voters at said election to build one in said district; that on May 2, 1891 an election was held, at which it was decided by a majority of the legal voters in said district, voting at said election, that the site of the school house should be on three-fourths of an acre of land lying in a square in the S. W. corner of the N. E. ¼ of the N. E. ¼ of Section 31, in said district; that at an election held June 20, 1891, in said district, it was decided by a unanimous vote, that said board of directors be empowered and instructed to build said school house; that in pursuance of said elections, and the authority and direction given said board, they borrowed the necessary money and made a contract for the building of said school house with defendant Rodecker, and have procured and hauled the material for the same, but refuse to build it on the site selected and decided upon by the majority of the legal voters at said election of May 2, 1891, which site is suitable, desirable, conveniently and centrally located, and have decided to, and unless restrained, will at once, in violation of law, build said school house on a site selected by said board on the land of Elam, one of the members thereof. The answer admits that elections, in all respects legal, were held, and with the results as alleged; that all the requirements of the law with respect to notices, posting the same, the mode of holding the elections, canvassing the vote and declaring the result, were fully complied with; that defendant board do refuse to build said school house on the site so selected and decided upon at the election held May 2, 1891, and unless restrained by injunction will build it on the site selected by said board in Section 32 upon land belonging to said Elam. It is averred in said answer, said board may lawfully do this, for the reason that two days after the election of May 2d, it was discovered that the land on which the site then selected was located, was incumbered by a mort-

gage securing $500; that thereupon said board held a meet-
ing and decided the said site was unsuitable, and called
another election to select a school house site, giving due and
proper notice thereof, by posting notices in three of the most
public places in said district for ten days prior to said elec-
tion, specifying the place it would be held, the time of open-
ing and closing the polls, and the question to be voted upon;
that at said election held on May 16th, two of the directors
acted as judges and one as clerk; that two sites were voted
for, one being the site already selected, the other a site on
Section 32; that all the voters of said district, including
complainant, voted at said election, but neither of said places
received a majority of the votes cast, the result being eleven
votes in favor of each place; that no place having received
a majority of the votes cast at said election, said board pro-
ceeded to select and did select another and different place for
a school house site, viz., the site which had received but eight
votes at the election of May 2d, and no votes at that of May
16th. As additional reasons for their refusal to obey the
will of the majority of said voters, expressed at the election
of May 2d, it is averred the site then selected would cost
too much, was not located so near the center of the district,
nor so accessible to children of the district attending school
as the site selected by said board. If these reasons could be
a proper matter for consideration in determining the ques-
tions to be decided in this case, it is a sufficient reply to say,
that before the election of May 16th the mortgage mentioned
had been released, and the owner of the site selected May
2d, together with his wife, executed a good and sufficient
warranty deed conveying said site to the school trustees of
said township, and the release and deed were shown to
defendant board. Furthermore, it appears said site was con-
veyed free of cost, and the deed was tendered at the hearing.
and said site was quite as eligible for school purposes as that
selected by defendant board. But it is not material, or per-
tinent to the issue, whether or not the site selected by the
board upon their own motion, was more desirable and less

expensive than that fixed by the majority vote at the election held May 2, 1891.

The material questions presented by this record are these: "Was the appellee entitled to an injunction, or had he an adequate remedy at law? And, could the defendant board lawfully revoke the act of the majority of legal voters at the said election, call another election to vote again upon the question then decided, and, because at this last election there was a tie vote, proceed to select a site which had been repudiated by the legal voters at both elections? It is insisted, on behalf of appellant, that appellee had an adequate remedy at law, and also that, because he voted at the second election, he is estopped to deny the legality of appellant's action in calling it and selecting a school house site upon the failure by the majority of the voters thereat to make such selection. It is true that mandamus is a remedy at law, and it lies to compel the performance of a legal act and the proper expenditure of public funds, but to this extent only does it reach. A court of chancery, by its writ of injunction, affords the only complete and adequate remedy to prevent the doing of the illegal and wrongful acts threatened to be done by appellant, to the injury of appellee; by this writ an illegal act is prevented. By the writ of mandamus, a legal act may be required to be done; and it would be an improper application of the doctrine of estoppel to hold that, because appellee voted at an illegal election, the result of which decided no question, therefore he is not entitled to the aid of a court of equity to prevent the illegal expenditure of public funds in the erection of a school house upon a site not lawfully selected. We think the appellee was entitled to the aid of the writ, if the appellant, unless thereby restrained, would have violated the law by erecting the school house upon a site selected by said board, without lawful power or authority. The statute prescribes the duties, and defines and limits the powers of a board of school directors, in terms clear and explicit, and that body can exercise no other powers than those expressly granted, or such as may be necessary to carry into effect a granted power. Directors v. Fogleman, 76 Ill. 189. Sec. 48, Chap. 122, R. S.,

among other things provides as follows: "It shall not be lawful for a board of directors to purchase or locate a school house site without a vote of the people at an election called and conducted as required by Section 42 of this act. A majority of the votes cast shall be necessary to authorize the directors to act. Provided, if no one locality shall receive a majority of all the votes cast at such election, the directors may, if in their judgment the public interests require it, proceed to select a suitable school house site, and the site so chosen by them shall, in such case, be legal and valid, the same as if it had been determined by a majority of the votes cast, and the site so selected by either of the methods above provided shall be the school house site for such district." This section prohibits the location of a school site by the board, without a selection being made by a majority vote at an election duly held. If, at such election called and held for the purpose of fixing a site, no locality receives a majority of the votes cast, then, and in that event only, is a discretionary power to act granted to the board. In this case a majority of the legal voters, at an election held May 2, 1891, did select the school house site, and this precluded the adoption of any other method by appellant to choose a site, and the money collected and materials bought to build a school house must be used in the construction of it upon the site legally fixed at said election on May 2, 1891, and not elsewhere. The appellant disregarded the provisions of this statute, and without lawful power or authority selected a site, and admit they will, unless enjoined, expend the money collected, and use the materials bought, in erecting a school house upon the site by said board illegally selected. The injunction was properly granted to prevent such unlawful expenditure of public funds, and the motion to dissolve said injunction was properly overruled. We have thus stated briefly the views we entertain touching material points involved, although it is not necessarily required, believing it better to do so, and dismiss the appeal.

*Appeal dismissed.*