## THE NATIONAL LINSEED OIL COMPANY

### *v.*

## THE HEATH & MILLIGAN COMPANY.

*Opinion filed June 19, 1901.*

1. COURTS—*duty of Appellate Court to recite facts—when not excused.* The duty of the Appellate Court to recite in its final judgment the ultimate facts as found by it, where its reversal of a judgment at law is the result of its finding the facts different from the trial court, is not excused by reason of the fact that the evidentiary facts were presented to the trial court in the form of a stipulation, in which such evidentiary facts were agreed upon but the ultimate fact was left open.

2. SAME—*facts need not be recited in Appellate Court's final judgment if ultimate facts are agreed upon.* If the parties agree upon the ultimate fact or facts the only questions for the courts are those of law, and if, in such case, the Appellate Court reverses and enters final judgment no recital of facts in such judgment is required to permit its being reviewed by the Supreme Court on appeal or error.

*Heath & Milligan Co.* v. *Nat. Linseed Oil Co.* 93 Ill. App. 13, reversed.

| | |
|---|---|
| 191 | 75 |
| s99a | 95 |
| 191 | 75 |
| s197 | 632 |
| 191 | 75 |
| 200 | [1]581 |
| 191 | 75 |
| 202 | [2]208 |
| 202 | [1]384 |
| 191 | 75 |
| 207 | [1]532 |
| 208 | [2]164 |
| 191 | 75 |
| 209 | [1]118 |

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

The National Linseed Oil Company, a corporation of this State, engaged in the business of manufacturing and selling linseed oil, sold to the Heath & Milligan Manufacturing Company, another corporation, engaged in the business of manufacturing and selling paints, large quantities of linseed oil. The sales were made from time to time, extending over a period of more than five years. The contracts were for the sale and purchase of so many *gallons* of linseed oil. It was furnished by the seller on the basis of 7.5 pounds to the gallon and received and paid for by the purchaser, the National company claiming that it was accepted and paid for with the full knowledge on the part of the manufacturing company that it was furnished on that basis. After some twenty differ-

ent sales had been completed and a portion of the oil furnished on two other contracts, the Heath & Milligan Manufacturing Company, as it claims, discovered that a legal gallon of linseed oil, by weight, is 7.761 pounds. It thereupon demanded of the National company a repayment of the difference in value between the oil received and paid for at 7.5 pounds per gallon and 7.761 pounds per gallon, and also that in completing the two last contracts of sale the seller should furnish the last named weight for each gallon contracted for. Both requirements being refused, it brought suit to recover the alleged over-payment. Thereupon the National Linseed Oil Company brought its action to compel the manufacturing company to receive and pay for the oil under the last two contracts at 7.5 pounds to the gallon. By agreement the actions were consolidated under the title of the first suit, and submitted to the court, without the intervention of a jury, under a written stipulation of the parties. The stipulation sets forth, in substance, the pleadings in both actions, and states in detail the course of dealing between the parties, certain customs of the trade, and sets forth twenty-two contracts between the parties, and their correspondence extending over the period of their dealings. The three concluding paragraphs of the stipulation are as follows:

"If the court holds that under the contracts hereinbefore described the Heath & Milligan Manufacturing Company was entitled to receive but 7.5 pounds for a gallon of oil on all said deliveries, it is agreed that the amount due from said Heath & Milligan Manufacturing Company to the National Linseed Oil Company is $4342.38.

"If the court holds that under said contracts said Heath & Milligan Manufacturing Company was entitled to receive 7.761 pounds for a gallon of oil on all of said deliveries, it is agreed the amount due said Heath & Milligan Manufacturing Company from the National Linseed Oil Company, after allowing all set-offs, is $12,012.43.

"If the court holds that the Heath & Milligan Manufacturing Company was entitled to receive 7.761 pounds for a gallon only upon such contracts as were being performed at the time it claimed shortage, it is agreed the amount due said National Linseed Oil Company from said Heath & Milligan Manufacturing Company is $702.70."

The plaintiff below, the manufacturing company, submitted propositions to be held as the law applicable to the case, but the court refused each of them. The defendant, the National company, submitted no propositions whatever, but the court found in its favor and assessed its damages at $4342.38. The Heath & Milligan Manufacturing Company prosecuted an appeal to the Appellate Court for the First District. That court reversed the finding and judgment of the circuit court and entered a judgment *de novo* against the National Linseed Oil Company for $12,012.43, with interest from November 18, 1899, and costs of suit. It incorporated no finding of fact in its final judgment.

W. W. GURLEY, and H. G. STONE, for appellant.

HOLLETT, TINSMAN & SAUTER, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This case must be remanded to the Appellate Court. By the mandate of the statute, if that court found the facts of the case wholly or in part different from the trial court, it was its duty to recite in its final judgment the ultimate facts as found by it, and its judgment would thereupon have become final and conclusive as to all matters of fact in controversy in the case. (3 Starr & Cur. Stat. chap. 110, sec. 87, p. 3114.) Having failed to recite any finding of the facts in its judgment, we must presume that it did not reach a different conclusion as to the facts from that of the circuit court, but reversed the judgment of the latter court for errors in the application

of the law to the facts.   This has been so often decided by this court that a citation of the cases is unnecessary.

We do not understand counsel to controvert the proposition as applicable to all cases where the testimony is produced before the trial court by witnesses or in the form of depositions or documentary evidence, but they contend that this case is taken out of that general rule, because, as they say, the case was submitted to the trial court upon an agreed statement of facts.   It is very clear that the alleged agreed statement of facts is no more than a stipulation between the parties as to what the testimony would have been if without the agreement it had been introduced before the court,—in other words, it is a stipulation as to the evidentiary or probative facts in the case, but is in no sense an agreement as to the ultimate or substantive facts upon which the determination of the case must depend.   It is undoubtedly true that where the parties agree to the ultimate fact or facts in a case and submit it to a trial court for decision, the question before that court and on appeal to the Appellate Court, and finally to this court, presents only a question or questions of law; and in such case, if the Appellate Court reverses the judgment of the trial court and enters a final judgment, no recital of the facts found by it in its judgment is necessary upon appeal or writ of error to this court. But manifestly that is not this case.   It is like the case of *Purcell Co.* v. *Sage,* 189 Ill. 79, and *Scovill* v. *Miller,* 140 id. 504, there cited.

The judgment of the Appellate Court will accordingly be reversed and the cause remanded to it, with directions to recite the facts as found in its judgment of reversal, or, if it reverses the case for errors of law, to remand it to the circuit court for another trial; and leave will be granted to withdraw the record of the circuit court filed here, for the purpose of re-filing it in the Appellate Court.   The appellant must pay the costs of this appeal.              *Reversed and remanded.*