JULES E. ROEMHELD *et al.* Appellees, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed December 17, 1907.*

1. APPEALS AND ERRORS—*Appellate Court may differ from trial court in conclusions of fact though the evidence is uncontradicted.* The fact that the evidence is uncontradicted does not conclude the Appellate Court from reaching a different conclusion from that of the trial court as to the ultimate fact.

2. SAME—*finding of an ultimate fact may require application of legal principles.* The finding of an ultimate fact is a statement of a conclusion, but it is a conclusion of fact from the various subsidiary or evidentiary facts, and the application of legal principles may be required in reaching such conclusion, thereby making the question a mixed one of law and fact.

3. SAME—*what is a finding of an ultimate fact.* A finding by the Appellate Court, from uncontradicted testimony, that what was done by the commissioner of public works with respect to certain working drawings amounted to a written approval of such drawings and a written order to do the work shown thereon, is a finding of an ultimate fact, notwithstanding the trial court found from the same testimony that what was done did not amount to such written approval or order.

4. MUNICIPAL CORPORATIONS—*method prescribed for binding a city by contract must be followed.* If there is a statute or ordinance prescribing the method by which an officer or agent can bind a municipal corporation by contract such method must be followed, and there is no implied contract or liability of such municipal corporation.

5. SAME—*mere fact that work is beneficial does not create liability.* The performance of work or furnishing of material to a city and the acceptance of resulting benefits by the city does not render it liable to pay if the work was not authorized.

6. SAME—*when work is not "extra work."* Where, after a contract is let, new plans and working drawings are made by the city engineer, the additional labor and expense thereby occasioned is not "extra work" within the provision of an ordinance embodied. in the contract, that "no payment shall be made on any work or job done by contract for any extra work not specified in the contract, unless such work shall have been done by the written order of the commissioner of public works, to be annexed to such contract, stating that such work is not included in the contract."

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

WILLIAM D. BARGE, and GEORGE W. MILLER, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellant.

FYFFE & ADCOCK, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This case was here on a former appeal, when the judgment of the Appellate Court was reversed and the cause was remanded to that court, with directions that if the court should still be of opinion that final judgment should be entered in that court, the facts upon which the judgment of reversal was predicated should be recited and incorporated in the judgment entered. A full statement of the case and the questions involved, together with the finding of facts which had been incorporated in the judgment so reversed, will be found in the opinion then filed. (*City of Chicago* v. *Roemheld,* 227 Ill. 160.) The cause was reinstated in the Appellate Court, and the judgment of the superior court of Cook county in favor of appellant was again reversed and judgment was entered in favor of appellees for $20,042.82. The reversal of the judgment of the superior court and the final determination of the cause in the Appellate Court were the result of finding material facts in controversy different from the finding of the trial court, and a recital of the facts found was incorporated in the judgment of the Appellate Court. That finding of facts was the same as the previous finding, with the exception that the following portion was omitted: "Said commissioner, next after the word 'approved' on the first of said working drawings 'I,' signed his name thus, 'F. W.

Blocki, Commissioner of Public Works,' but omitted so to sign the remaining seventy-five of said working drawings on the ground that such signing would require too much time and labor and because he doubted the necessity of signing said drawings. The commissioner of public works subsequently told one of the appellants that he would sign all of said working drawings." And for the part so omitted the following was substituted: "And the said commissioner then and there approved the said second set of working drawings in writing, and ordered, in writing, the work to be done as shown on said second set of working drawings." Aside from this change the finding of facts is the same as before.

There was no contradiction in the testimony produced in the trial court, and counsel for appellant contend that for that reason the two courts could not differ in their respective finding of the facts. Counsel say that the plaintiffs' witnesses proved the making of the contract and the performance of it by the plaintiffs, and that they furnished the extra material for which they sued, and there was no dispute about such facts; that it was further proved that there were seventy-six sheets of drawings, and that the commissioner of public works wrote his name on the first one, and on only one, and no one disputed that. They therefore insist that the Appellate Court could not find any fact different from the conclusion of the superior court upon the same uncontradicted testimony. That is not the rule, and the fact that there was no contradiction in the testimony does not conclude the Appellate Court from reaching a different conclusion from the trial court as to the ultimate fact. *National Linseed Oil Co.* v. *Heath & Milligan Co.* 191 Ill. 75; *Weeks* v. *Chicago and Northwestern Railway Co.* 198 id. 551.

It is also urged that the finding in the Appellate Court as to the facts is a mere recital of conclusions or opinions. It is true that the finding of an ultimate fact is a state-

ment of a conclusion, but it is a conclusion of fact from the various subsidiary or evidentiary facts tending to prove such ultimate fact. To reach the conclusion may require the application of legal principles so as to make the question a mixed one of law and fact, such as the question whether uncontradicted testimony establishes the fact of an appointment of an agent, or that a certain act was the proximate cause of an injury, or that there was a waiver of a legal right or an estoppel to assert it. (*Meyer* v. *Butterbrodt,* 146 Ill. 131; *Moerschbaecher* v. *Supreme Council Royal League,* 188 id. 9.) The Appellate Court concluded that what was done by the commissioner of public works amounted to an approval, in writing, of the set of working drawings, and an order, in writing, to do the work as shown thereon, and this was a question of fact.

It is further contended that the facts found by the Appellate Court are not sufficient to sustain the judgment because all the facts necessary to show a compliance with section 1609 of the ordinances of the city are not included in the finding. That section is as follows:

"No payment shall be made on any work or job done by contract for any extra work not specified in the contract, unless such extra work shall have been done by the written order of the commissioner of public works, to be annexed to such contract, directing the same, and stating that such work is not included in the contract: *Provided,* that any order given under this section shall state what the extras are, and that such extras are necessary for the proper completion of or for the security of the work previously done, and the reasons therefor."

If that section applies to the work sued for, it must be conceded that the facts found by the Appellate Court are insufficient to justify the judgment. Where there is a statute or ordinance prescribing the method by which an officer or agent of a municipal corporation may bind the municipality by contract, that method must be followed, and there

can be no implied contract or implied liability of such municipality.   Where the agents of a city are restricted by law as to the method of contracting, the city cannot be bound otherwise than by a compliance with the conditions prescribed for the exercise of the power.   (*School Directors* v. *Fogleman,* 76 Ill. 189; *Tamm* v. *Lavalle,* 92 id. 263; *Rogne* v. *People,* 224 id. 449.)   The performance of work or furnishing material for a city and the acceptance of the resulting benefits will not render it liable to pay if the work was not authorized.   The fact that the labor is beneficial will not create a liability.   (*Hope* v. *City of Alton,* 214 Ill. 102.)   The contract in this case contained the same identical provision as the ordinance, and if it applied to the work in question the appellees would be bound by it, both on account of the ordinance and the contract.   We do not, however, regard the provision of the ordinance or contract as applying to the claim of the appellees.   The contract, in another and independent clause, provided for changes or alterations increasing or diminishing the expense of the work, and the value was to be determined by the commissioner of public works and added to or deducted from the contract price.   The section of the ordinance and the same provision in the contract evidently relate to extra work not specified in the contract, which becomes necessary, in the course of doing the work, for the proper completion of or for the security of work previously done.   They provide that any order given under the section shall not only state what the extras are, but shall further state that they are necessary for the proper completion or for the security of the work previously done, and the reasons therefor.   The argument of counsel for appellant is, that the facts found by the Appellate Court are not sufficient because the court did not find that the commissioner of public works annexed his order to the contract and stated that the work was not included in the contract, and also stated what the extras were, and that they were necessary for the proper com-

pletion or for the security of the work previously done, and gave the reasons for such conclusion. This work was not necessary for the proper completion or security of work previously done, but the facts found by the Appellate Court were, that drawings were made in exact conformity with the original plans and specifications, but the plans were changed by the city engineer and a second set of working drawings were made conformable to the plans as changed. It was this second set of working drawings which was approved and the work indicated thereby was undertaken. The case is like that of *Wood* v. *Ft. Wayne*, 119 U. S. 312, where substantially the same provisions as to alterations of the plans and a written order for extra work were contained in the contract as are found in this case. Increased work resulted from the alteration of a plan by the trustees, and the court said that in one sense it might be considered extra work, but as it resulted from the change of plans it was not within the provision of the contract relating to extra work. We regard the facts found by the Appellate Court as sufficient to sustain the judgment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*