## L. Kuykendall et al., Taxpayers of Community High School District No. 205, Appellants, v. James H. Tittle et al., Appellees.*

1.  SCHOOLS—*discretion in renting buildings.*  In case school board directors find it necessary to rent a building to carry on school work, the selection of the building is in their discretion and not for the courts to decide.

* Received from clerk of Appellate Court, August 8, 1927.

2. Schools—*liability of directors for mistakes.* School directors who in the honest exercise of their discretion have rented a building for school purposes are not to be held liable for the rent thereof because they may have made a mistake in judgment in so doing.

3. Schools—*taxpayers' right to recover funds.* A taxpayer has a right to maintain an action to recover funds of a school district when the directors have used the funds improperly.

Appeal by plaintiffs from the Circuit Court of Jefferson county; the Hon J. C. Kern, Judge, presiding. Heard in ths court at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

W. H. Green and E M. Peavler, for appellants.

Conrad Schul and Curtis Williams, for appellees.

Mr. Justice Boggs delivered the opinion of the court.

This is an action in assumpsit, brought by appellants, taxpayers of Community High School District No. 205, who sue on their own behalf and for all other taxpayers in said district, against appellees, the board of directors of said high school district, to recover $400 alleged to have been unlawfully paid to one Orville T. Wallace and one W. M. Wilson.

The declaration alleges that appellees, as such board of directors, conducted a high school in said district, and occupied certain rooms located in the schoolhouse "owned by School District No. 88 of said county, and that by reason of such occupancy and use, said Community High School District No. 205 became and was liable to School District No. 88 for a reasonable rental for the rooms so ʻoccupied"; that appellees on October 29, 1921, as such directors, caused to be issued an order for $400, payable out of the school funds of said Community High School District to the said O. T. Wallace and W. M. Wilson, for rent "for the use of the part of the schoolhouse of District No. 88," and further alleges that said amount was thereby wholly lost to the citizens and taxpayers of said Community High School District No. 205.

A plea of the general issue was filed to the declaration, and a jury being waived, said cause was heard by the court, resulting in a judgment against appellants in bar of action and for costs. To reverse said judgment this appeal is prosecuted.

The record discloses that the room in question was located on property owned by School District No. 88; that the directors of said district had begun the erection of said building without a vote of the people, and on a bill filed in the circuit court of Jefferson county by certain of the taxpayers in said district, the directors of District No. 88 were enjoined from expending the funds of said district in payment for the erection of said building. The record further discloses that there had been negotiations between appellees, the directors of Community High School District No. 205, and the directors of School District No. 88, looking toward the renting of this and another room, which before that time had been completed, but that after said injunction proceeding, the directors of School District No. 88 refused to complete said building. Thereafter, appellees, after attempting to find quarters elsewhere for the accommodation of the pupils of said high school district and being unable to do so, rented said room that was being constructed from the contractors, the said Wallace and Wilson, and agreed to pay them therefor the sum of $400. Pursuant to said renting, said contractors completed said building, and the same was used for the then current school year by said high school district. The order in question was issued in payment for said rent. The record further shows that nothing whatever had been paid to said contractors on said building or addition, and that they, as such contractors, were in possession of the same.

The propositions of law submitted to the trial court, and the assignment of errors on the record, raises the

question as to whether appellees, the directors of High School District No. 205, are personally liable to the taxpayers of said district for said sum of $400 so paid to said contractors.

Appellees testified, and for the most part without objection, that in renting said building and in making payment therefor, they were acting in good faith and, as they thought, for the best interests of said school district. It is the contention of appellants that whatever liability said Community High School District incurred for the use of the room in question was to School District No. 88; that the payment to said contractors was wholly null and void, and that appellees by virtue thereof are liable personally to the taxpayers of said Community High School District, for the amount so paid.

On the other hand, appellees insist in answer thereto that the law makes it their duty to provide suitable rooms for the use of the pupils of said high school district, and that if, in the performance of that duty, they in good faith rent a building or room and pay for the same out of the funds of the district, they cannot be made liable personally therefor, even though it should develop that they had acted unwisely in reference thereto. They also contend that if there is a right of recovery against them at all, it would be in favor of School District No. 88.

Subdivision 1, paragraph 137, section 127, chapter 122, Cahill's Revised Statutes, provides that boards of education shall "have the power, and it shall be their duty, to establish and support free schools for not less than seven months in each year." In *Millard v. Board of Education,* 121 Ill. 297, the court had under consideration a bill filed by certain taxpayers, seeking to restrain a board of education from renting the basement of a church for school purposes. In discussing the question and the powers

of the board in reference thereto, the court says, page 303:

"The next and only remaining allegation of the bill, to be considered, questions the authority of the board to lease the basement of the church for school purposes. It appears from the bill, that on the 1st day of February, 1885, the voters of the district located a school-house site, in pursuance of the statute, and that the board of education submitted the question of issuing bonds, in amount $30,000, to erect a school house on the site selected, to a vote of the people, and that on the 10th day of March, 1885, the proposition was defeated by a vote of the people. Section 80, chapter 122, of the Revised Statutes, made it the duty of the board of education to establish and support free schools, not less than six nor more than ten months in each year. What course should the board pursue. Money to build could not be raised, because the voters had defeated the proposition. The school was required to be kept in operation. Under such circumstances no remedy was at hand except to lease, which may be done under the section of the statute last named. What building the board should lease for school purposes is a matter for that body to determine, and not for the courts to decide."

This case was cited and approved in *Dunn v. Chicago Industrial School for Girls,* 280 Ill. 613, and the court there held that the county board had the power and authority to appropriate funds for the care and maintenance of girls committed to the Chicago Industrial School for Girls by the juvenile court of Cook county, and reversed the decree of the lower court granting an injunction restraining said board from so doing.

The law further is that public officials, such as members of boards of education, are not liable for "a mere mistake in judgment, either as to their duties under the law or as to facts submitted to them. * * * They

may judge wrongly, and so may a court or other tribunal, but the party complaining can have no action when such officers act in good faith and in the line of what they think is honestly their duty. Any other rule might work great hardship to honest men who, with the best of motives, have faithfully endeavored to perform the duties of these inferior offices." *McCormick v. Burt,* 95 Ill. 263–266; Churchill v. Fewkes, 13 Ill. App. 520–523.

Counsel for appellants lay down the proposition that a taxpayer "has a right to maintain an action to recover funds of a school district, when the directors have used them improperly or illegally," and cite in support thereof *Watts v. McCleave,* 16 Ill. App. 272; *Thompson v. Mahoney,* 136 Ill. App. 403; *Bednarski v. City of West Hammond,* 170 Ill. App. 547; *Lindblad v. Board of Education Norman School Dist.,* 221 Ill. 261; *Leonard v. Garland,* 252 Ill. 300. We have examined these cases, and find that for the most part they are injunction proceedings, brought to restrain some act on the part of public officials, and were not for the collection of money theretofore paid out by them. They wholly fail to support the proposition here contended for by appellants.

The record in this case discloses that appellees acted in good faith in renting the premises in question, and under the holding of the Supreme Court in *Millard v. Board of Education* and *Dunn v. Chicago Industrial School for Girls, supra,* they are not liable to appellants for so doing. The holdings of the trial court on the propositions of law are in accord with the authorities, and the court did not err in its rulings thereon.

We are of the opinion that substantial justice has been done and that there is no reversible error in the record. The judgment of the trial court will therefore be affirmed.

*Judgment affirmed.*